# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-03943 PA (PDx) | Date | May 13, 2021 |
| Title | City Lift Parking, LLC v. Park Plus Inc., et al. | | |

Present: The Honorable  **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None      None

**Proceedings:**      IN CHAMBERS — COURT ORDER

Before the Court is a Notice of Removal filed by defendant Park Plus Inc. ("Defendant"). (Dkt. No. 1.) Defendant alleges this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). On May 13, 2021, the Court held a telephonic hearing with counsel for the parties to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court finds Defendant has failed to demonstrate that this Court has diversity jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must show that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-03943 PA (PDx) | Date | May 13, 2021 |
|---|---|---|---|
| Title | City Lift Parking, LLC v. Park Plus Inc., et al. | | |

("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

      In their Notice of Removal, Defendant alleges plaintiff City Lift Parking, LLC ("Plaintiff") "is a California limited liability company with a principal place of business in Oakland, California." (Dkt. No. 1 at ¶ 7.) Defendant further alleges that "[u]pon information and belief, both Plaintiff and its members are based in California." (Id.) Defendant's Notice of Removal does not affirmatively allege who the members of Plaintiff are, or what their individual citizenship is as required to establish complete diversity. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding that defendant failed to plead diversity jurisdiction when it did not "affirmatively allege the state of citizenship of corporate defendants" but rather "merely alleged that they were not citizens of California"); Matrix International Textile, Inc. v. DMD International, Ltd., 12-cv-5023, 2012 WL 12903645, at *1 (C.D. Cal. July 31, 2012) ("As to the citizenship of DMD LLC and JC LLC, Defendants have only stated that 'the members of [DMD LLC] are all citizens and residents of the state of New York. . . . In this Court's view, Defendant cannot sufficiently demonstrate the citizenship of the members of a limited liability company (or partnership) without alleging who those members are, so that the Court can determine whether the members themselves are limited liability companies (or partnerships"). See also, Rolling Greens MHP L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11 th Cir. 2004) (to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership).

      During the hearing, counsel for Defendant stated he does not know who the individual members of Plaintiff are, or what the actual citizenship of each of these members is. Because Defendant has failed to allege the citizenship of each of Plaintiff's members, the Court cannot determine whether this Court has jurisdiction over this action. See Caruso Affiliated Holdings, LLC v. Allied World National Assurance Company, 19-cv-06772, 2019 WL 8886086, at *2 (C.D. Cal. Sept. 23, 2019) ("Defendant's conclusory statements that none of the partners are from New Hampshire, Pennsylvania, or New York are not sufficient to allege diversity jurisdiction."); Montgomery v. Markel Int'l Insurance Co., Ltd., 259 F. Supp. 3d 857, 868 (N.D. Ill. 2017) (Requiring a complaint to "specifically allege the citizenship of every [member] is the only way for a court to satisfy its paramount obligation to ensure subject-matter jurisdiction is proper under § 1332.").

      "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). The Court concludes that Plaintiff has not adequately established the Court's subject matter jurisdiction over this action.

      For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded for lack of subject matter jurisdiction to Los Angeles Superior Court, case number 21STCV17148.

      IT IS SO ORDERED.